UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------------ X
JEREMY GINENTHAL, on behalf of himself and all others similarly situated, :
: 
Plaintiff, : Case No. 24-cv-1256
- against - :
:
TEC BUILDING SYSTEMS LLC, : CLASS AND COLLECTIVE
: ACTION COMPLAINT
Defendant. :
:
------------------------------------------------------------------------ X

Plaintiff Jeremy Ginenthal ("Plaintiff"), on behalf of himself and all other similarly situated employees, brings this lawsuit against Defendant TEC Building Systems LLC ("Defendant") and alleges as follows for this Complaint:

**INTRODUCTION**

1. Plaintiff was employed by Defendant as a "manual worker" as defined by New York Labor Law ("NYLL") § 190(4), having worked for Defendant in New York as a Field Technician.

2. Defendant failed to pay Plaintiff, putative Opt-In Plaintiffs ("Opt-In Plaintiffs"), and the FLSA Collective and Rule 23 Class (as defined below) at the correct overtime rate of pay by failing to include on-call pay in the regular rate of pay, thereby shortchanging these workers of overtime wages.

3. Defendant also paid Plaintiff, Opt-In Plaintiffs, and other manual workers employed in New York on a biweekly basis.

4. As a result, Defendant violated the requirement that manual workers be paid within seven days after the end of the workweek in accordance with NYLL § 191(1)(a).

5.  Defendant's pay practices also violated the requirement that manual workers be paid on a weekly basis in accordance with NYLL § 191(1)(a).

6.  Plaintiff brings the First Cause of Action under the FLSA § 216(b) for unpaid overtime wages, liquidated damages, and interest, and other relief arising from Defendant's violations of the FLSA.

7.  Plaintiff brings the Second Cause of Action under the NYLL and NYLL § 198 for liquidated damages, interest, and other relief arising from Defendant's violations of NYLL § 191.

8.  Plaintiff brings the Third Cause of Action under the NYLL and NYLL § 198, respectively, for unpaid overtime wages, liquidated damages, and interest due to Defendant's failure to pay Plaintiff and the Rule 23 Class for all overtime hours worked at the proper rate.

9.  Plaintiff brings the Fourth Cause of Action under the NYLL and NYLL §§ 195 and 198 for Defendant's failure to comply with the NYLL's notice and recordkeeping requirements and seeks damages, penalties, interest, and other relief arising from such violations.

10. Because Plaintiff, Opt-In Plaintiff, and Plaintiff's co-workers are similarly situated and the statute of limitations is continuing to run against them until they file a consent to join in this action, Plaintiff seeks certification of this matter as a collective action and leave to notify the "FLSA Collective" defined as follows:

> All employees working in the State of New York for Defendant as Manual Workers (however variously titled), at any time from February 19, 2021 to the date of judgment in this action.

11. Because the harm suffered by Plaintiff, Opt-In Plaintiff, and Plaintiff's co-workers was widespread, Plaintiff brings this case as a class action and will seek certification under Federal Rule of Civil Procedure 23 ("Rule 23") for the following "Class":

> All current and former employees of Defendant working as Manual Workers (however variously titled) throughout the State of New York during the time period from February 19, 2018 to the date of judgment in this action.

## JURISDICTION & VENUE

12. This Court has subject-matter jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 because Plaintiff's claims raise a federal question under 29 U.S.C. § 201, *et seq.*

13. Additionally, this Court has jurisdiction over Plaintiff's collective action FLSA claim pursuant to 29 U.S.C. § 216(b), which provides that suit under the FLSA "may be maintained against any employer . . . in any Federal or State court of competent jurisdiction."

14. Defendant's annual sales exceed $500,000 and it has more than two employees, so the FLSA applies in this case on an enterprise basis. Defendant's employees engaged in interstate commerce and therefore they are also covered by the FLSA on an individual basis.

15. This Court has supplemental jurisdiction over all state law claims brought in this action pursuant to 28 U.S.C. § 1367(a) because these claims are so related to the FLSA claims that they form part of the same case or controversy.

16. This Court is empowered to issue a declaratory judgment under 28 U.S.C. §§ 2201 and 2202.

17. Venue lies in in this District pursuant to 28 U.S.C. § 1391 because the Defendant is incorporated in this District and is subject to personal jurisdiction in this District.

## THE PARTIES

*Plaintiff*

18. Plaintiff Jeremy Ginenthal ("Plaintiff Ginenthal" or "Ginenthal") is a resident of Edison, New Jersey.

19. Plaintiff Ginenthal worked as a Field Technician for Defendant in or around August 2013 to about June 2022. Plaintiff's work was almost entirely within New York City's five boroughs.

20. At all times relevant, Plaintiff is an "employee" as defined by 29 U.S.C. § 203(e)(1).

21. At all times relevant, Plaintiff is an "employee" as defined by NYLL §§ 190(2), 651(5).

22. Most of Plaintiff's time was spent performing physical labor. That is, Plaintiff's duties included installation of HVAC systems, working with tools, and spending time on ladders with electrical, mechanical, and pneumatic equipment.

23. Plaintiff's primary duties as Field Technicians were non-clerical and non-managerial.

24. At all times relevant to the Complaint, Plaintiff was a "manual worker" within the meaning of NYLL § 190(4).

25. Plaintiff was entitled to payment of wages within seven calendar days after the end of the workweek, as per NYLL § 191(1)(a). However, Defendant did not pay Plaintiff on a weekly basis.

26. For example, Plaintiff's paystub with "check date" June 30, 2022 reflects a pay period of June 13, 2022 to June 26, 2022. Defendant did not pay Plaintiff weekly and within seven calendar days after the end of the week in which wages were earned.

*TEC Building Systems, LLC*

27. According to Defendant's website, Defendant is a New York corporation with its principal place of business at 47-25 34th Street, Suite 4, Long Island City, New York 11101.

28. At all times hereinafter mentioned, Defendant was and still is an "employer" within the meaning of 29 U.S.C. § 203(d), and N.Y. Lab. Law §§ 190(3), 651(6).

29. At all times hereinafter mentioned, the activities of Defendant constituted an "enterprise" within the meaning of 29 U.S.C. §§ 203(r)-(s).

30. Upon information and belief, Defendant maintains control, oversight, and direction over its operations and employment practices.

31. At all times hereinafter mentioned, Defendant employed employees, who regularly engaged in commerce or in the production of goods for commerce or in handling, selling or otherwise working on goods and materials which have moved in or been produced for commerce within the meaning of 29 U.S.C. §§ 203(b), (g), (i), (j), (r) & (s).

32. Defendant's annual gross volume of business is not less than $500,000 within the meaning of 29 U.S.C. § 203(s)(A)(ii).

## REGULAR RATE VIOLATION ALLEGATIONS

33. Defendant paid hourly employees routine and nondiscretionary pay in the form of on-call pay.

34. Defendant failed to include this routine and nondiscretionary on-call pay when calculating hourly employees' regular rate of pay and resulting overtime rate premium. Consequently, TEC did not pay the proper overtime rate under the law.

35. As non-exempt employees, TEC's hourly employees were entitled to full compensation for all overtime hours worked at a rate of 1.5 times their "regular rate" of pay.

36. Under FLSA, the regular rate is the "keystone" to calculating the correct overtime rate. *Walling v. Youngerman-Reynolds Hardwood Co.*, 325 U.S. 419 (1945). It is "the hourly rate

actually paid the employee for the normal, nonovertime workweek for which he is employed." 29 C.F.R. § 778.108.

37. No matter how an employee is paid—whether by the hour, by the piece, on a commission, or on a salary—the employee's compensation must be converted to an equivalent hourly rate from which the overtime rate can be calculated. 29 C.F.R. §778.109. "The regular hourly rate of pay is determined by dividing the employee's total remuneration for employment (except statutory exclusions) in any workweek by the total number of hours actually worked by the employee in that workweek for which such compensation was paid." *Id*.

38. TEC's on-call rate does not fall within any of the statutory exclusions from the regular rate as provided in 29 U.S.C. §§ 207(e)(1)-(8).

39. There is a statutory presumption that remuneration in any form must be included in the regular rate calculation. Defendants carry the burden to establish that any payment should be excluded. *Madison v. Resources for Human Dev. Inc.*, 233 F.3d 187 (3rd Cir. 2000). Thus, determining the regular rate starts from the premise that all payments made to TEC's hourly employees for work performed are included in the base calculation unless specifically excluded by statute.

40. Once the total amount of an employee's "regular" compensation is deduced, "the determination of the regular rate becomes a matter of mathematical computation." *Walling v. Youngerman-Reynolds Hardwood Co.*, 325 U.S. 419, 425 (1945). The regular rate must be expressed as an hourly rate because, although any method of compensating an employee is permitted, the FLSA imposes its overtime requirements in terms of hourly wages. Thus, if necessary, an employer must convert an employee's wages to an hourly rate to determine compliance with the statute.

41. Plaintiff's "total remuneration" included not only hourly pay, but also any various routine and non-discretionary bonuses. Indeed, 29 C.F.R. § 548.502 expressly provides that "[e]xtra overtime compensation must be separately computed and paid on payments such as bonuses or shift differentials which are not included in the computation of the established basic rate…."; *see also* 29 C.F.R. §778.207(b) (Under FLSA, the regular rate of pay must consist of all forms of remuneration including non-discretionary bonuses and "such extra premiums as night shift differentials… and premiums paid for hazardous, arduous, or dirty work.").

42. However, TEC failed to incorporate these other remunerations into its hourly employees' regular hourly rate calculation, resulting in a *prima facie* violation of the FLSA and NYLL.

43. Consistent with Section 7(a) of the Fair Labor Standards Act, Plaintiff and those similarly situated are entitled to overtime pay equal to one and one-half times their regular rate of pay for hours worked in excess of forty (40) hours per week.

44. Plaintiff and those similarly situated have regularly worked in excess of 40 hours a week and have been paid overtime for those hours but at a rate that does not include Defendant's on-call premium pay as required by FLSA and NYLL.

45. For example, Plaintiff Ginenthal's pay stub for the pay period February 8, 2021 through February 21, 2021 shows a base hourly rate of $48.63 and an overtime rate of $72.945, which is one-and-one-half the stated base rate. During this same pay period, Plaintiff Ginenthal earned $300 in on-call pay. However, his overtime rate does not account for this non-discretionary pay and therefore violates the FLSA and NYLL.

46. Upon information and belief, Defendant did not take steps to ensure that its on-call pay practice and overtime pay practices complied with the FLSA and NYLL.

**MANUAL WORKER UNTIMELY PAY ALLEGATIONS**

47. Plaintiff and the Rule 23 Class members spent more than 25% of their time performing physical work.

48. Plaintiff and the Rule 23 Class members' duties include physical tasks such as the installation of HVAC systems, working with tools, and spending time on ladders with electrical, mechanical, and pneumatic equipment.

49. Plaintiff and the Rule 23 Class members frequently need to lift and move heavy equipment and machinery.

50. Defendant did not pay Plaintiff and the Rule 23 Class members on a weekly basis.

**THE FLSA COLLECTIVE ACTION**

51. Plaintiff seeks to proceed as a collective action with regards to the First Cause of Action, pursuant to 29 U.S.C. § 216(b) on behalf of himself and the FLSA Collective.

52. At any given time, upon information and belief, Defendant employs over 100 individuals who were employed as "Manual Workers," including in the job titles of Field Assistant / Delivery Assistant and Field Technician.

53. As a result, upon information and belief, there are approximately more than 100 current and former similarly situated employees in the FLSA Collective.

54. Plaintiff seeks to represent other employees and are acting on behalf of Defendant's current and former employees' interests as well as his own interests in bringing this action.

55. The FLSA Collective is readily identifiable and locatable through Defendant's records. The FLSA Collective should be notified of and allowed to opt-in to this action, pursuant to 29 U.S.C. § 216(b).

## CLASS ACTION ALLEGATIONS

56. Plaintiff brings the Second, Third, and Fourth Causes of Action on Plaintiff's behalf and as a class action, pursuant Rule 23(a) and (b), on behalf of the Rule 23 Class.

57. The persons in the Rule 23 Class are so numerous that joinder of all members is impracticable. Although, the precise number of such persons is unknown, and facts on which the calculation of that number can be based are presently within the sole control of Defendant.

58. Upon information and belief, the size of the Rule 23 Class exceeds 100.

59. This case is properly maintainable as a class action under Rule 23(b)(3). There are questions of law and fact common to the Rule 23 Class that predominate over any questions solely affecting individual members of Rule 23 Class, including but not limited to:

   a. whether Defendant failed to pay timely wages to Plaintiff and the Rule 23 Class in violation of and within the meaning of the N.Y. Lab. Law § 191(1)(a);

   b. whether Defendant acted in good faith when failing to pay Plaintiff and the Rule 23 Class timely;

   c. whether Defendant failed to pay Plaintiff and the Rule 23 Class overtime rates inclusive of all inputs as required under NYLL;

   d. whether Defendant issued improper wage statements with inaccurate and incorrect information as required by NYLL to Plaintiff and the Rule 23 Class; and

   e. the nature and extent of class-wide injury and the measure of damages for those injuries.

60. Plaintiff will fairly and adequately protect the interests of the Rule 23 Class and have no interests antagonistic to the class.

61. Plaintiff is represented by attorneys who are experienced and competent in both class litigation and employment litigation.

62. Plaintiff and the Rule 23 Class have been equally affected by Defendant's failure to pay proper wages. Moreover, members of the Rule 23 Class still employed by Defendant may be reluctant to raise individual claims for fear of retaliation.

63. Defendant acted or refused to act on grounds generally applicable to the Rule 23 Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

64. Plaintiff's claims are typical of those of the Rule 23 Class. Plaintiff and the Rule 23 Class were subjected to Defendant's policies, practices, programs, procedures, protocols and plans alleged herein concerning the failure to pay timely wages.

65. Plaintiff's job duties and manner of payment are typical of those of the Rule 23 Class.

66. That is, Plaintiff and the Rule 23 Class were manual workers. They spent over 25% of their working time on physical labor.

67. Plaintiff and the Rule 23 Class were not paid weekly.

68. Defendant applied its non-weekly payment policy to the Class uniformly.

69. Due to Defendant's common practices, policies, and procedures, Plaintiff and the Rule 23 Class received overtime pay at a rate not fully inclusive of all factors required under NYLL.

70. Plaintiff is informed, believes, and thereon alleges that Defendant's unlawful conduct has been widespread, repeated, and consistent as to the Rule 23 Class members and throughout Defendant's operations in New York.

71. Plaintiff and the Rule 23 Class were uniformly deprived of the time value of their earned wages during periods in which payment was illegally delayed.

72. Plaintiff and the Rule 23 Class were uniformly deprived of the ability to use – i.e., spend, invest, or save – their earned wages during periods in which payment was illegally delayed.

73. Plaintiff and the Rule 23 Class lost the opportunity to grow such untimely-paid wages through investment or otherwise benefit financially, including by paying down debts earlier.

74. Defendant, however, benefited from the delayed payments. That is, among other things, Defendant reduced its administrative costs by paying less frequently than required and use the extra money they were holding onto as they pleased until payroll was cut.

75. Plaintiff and the Rule 23 Class were denied wages amounting to at least the minimum wage times their hours worked for the duration of the illegal delay.

76. Plaintiff and the Rule 23 Class were denied their federally and state mandated overtime wages for the duration of the illegal delay.

77. Defendant was able to pay all minimum wages and overtime wages due on a weekly basis.

78. Defendant was able to and did pay Plaintiff and the Rule 23 Class all minimum wages and overtime wages due within the statutorily required period as it relates to the second workweek of each pay period, but refused to do so for the first workweek.

79. Defendant did not possess a good faith basis for deciding to pay and thereafter continuing to pay their employees' wages on a non-weekly basis.

80. The State of New York has required certain businesses to pay their manual workers on a weekly basis since the 19th Century. *See* N.Y. Session Law 1890, Ch. 388 § 1 ("Every manufacturing . . . company shall pay weekly, each and every employee engaged in its business, the wages earned by such employee to within six days of the date of such payment . . . ."); N.Y.

Session Law 1897, Ch. 415 §§ 2, 10 ("Every corporation . . shall pay weekly to each employe [sic] the wages earned by him to a day not more than six days prior to the date of such payment.").

81. A reasonable employer inquiring into the wage payment rules of New York would know that manual workers are to be paid each week given that, for example, the rules are listed on the Department of Labor's Frequency Asked Quests flyer regarding the Wage Theft Prevention Act (https://dol.ny.gov/system/files/documents/2021/03/wage-theft-prevention-act-frequently-asked-questions_0.pdf) and NYLL § 191 specifically states that a "manual worker shall be paid weekly and not later than seven calendar days after the end of the week in which the wages are earned."

82. Upon information and belief, Defendant did not qualify for the exemption from the NYLL's weekly payment requirement.

83. Upon information and belief, Defendant did not apply for the exemption.

84. The New York State Department of Labor has not authorized Defendant to pay its employees on a non-weekly basis.

85. Upon information and belief, Defendant did not: (a) inquire into whether its non-weekly payroll practice complies with the NYLL and ignored Plaintiff's concerns regarding same; (b) take requisite steps to ensure that Plaintiff and Rule 23 Class members were paid as per the timely pay requirements of the NYLL; (c) conduct any study or audit of its compensation practices to ensure that Plaintiff and the Rule 23 Class members were paid in compliance with the NYLL's timely payment requirements; and (d) provide accurate wage statements which t the correct overtime rate of pay.

86. A class action is superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of wage litigation like the present action, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in

federal court against a corporate defendant. The Rule 23 Class has been damaged and are entitled to recovery as a result of Defendant's common and uniform policies, practices, and procedures. Although the relative damages suffered by individual members of the Rule 23 Class are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation. In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendant's practices.

**FIRST CAUSE OF ACTION**
**FLSA – Failure to Pay Overtime Wages**
**(On behalf of Plaintiff, Opt-In Plaintiffs, and the FLSA Collective)**

87. Plaintiff realleges and incorporates by reference all preceding allegations.

88. Defendant has engaged in a widespread pattern and practice of violating the FLSA, as described in this Complaint.

89. Plaintiff has consented in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b).

90. At all relevant times, Plaintiff, Opt-In Plaintiff, and FLSA Collective were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

91. The overtime wage provisions set forth in §§ 201 *et seq.* of the FLSA apply to Defendant.

92. Defendant is an employer engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

93. At all relevant times, Plaintiff, Opt-In Plaintiff, and FLSA Collective are, or were, employees within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

94. Defendant failed to pay Plaintiff, Opt-In Plaintiff, and FLSA Collective the

overtime wages to which they were entitled under the FLSA.

95. Defendant failed to keep, make, preserve, maintain, and furnish accurate records of time worked by Plaintiff, Opt-In Plaintiff, and FLSA Collective.

96. Defendant's violations of the FLSA, as described in this Complaint, have been willful and intentional. Defendant failed to make a good faith effort to comply with the FLSA with respect to its compensation of Plaintiff, Opt-In Plaintiff, and FLSA Collective.

97. Because Defendant's violations of the FLSA have been willful, a three-year statute of limitations applies to this Cause of Action, pursuant to 29 U.S.C. § 255.

98. As a result of Defendant's willful violations of the FLSA, Plaintiff, Opt-In Plaintiff, and FLSA Collective have suffered damages by being denied overtime wages in accordance with 29 U.S.C. §§ 201 *et seq*.

99. As a result of the unlawful acts of Defendant, Plaintiff, Opt-In Plaintiff, and FLSA Collective have been deprived of overtime compensation and other wages in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 216(b).

**SECOND CAUSE OF ACTION**
**NYLL – Untimely Payment of Wages**
**(On behalf of Plaintiff, Opt-In Plaintiffs, and the Rule 23 Class)**

100. Plaintiff incorporates by reference all preceding allegations.

101. Defendant failed to pay Plaintiff, Opt-In Plaintiffs, and the Rule 23 Class within seven days after the end of each workweek as required by NYLL § 191(1)(a).

102. Plaintiff, Opt-In Plaintiffs, and the Rule 23 Class are manual workers per NYLL § 191.

103. Defendant has not received authorization under NYLL § 191(1)(a)(ii) from the Commissioner of Labor to pay its employees less frequently than once per week.

104. Defendant does not possess a good faith basis for believing that its delayed payment of wages complied with the law.

105. Due to Defendant's violations of NYLL § 191(1)(a), Plaintiff, Opt-In Plaintiffs, and the Rule 23 Class are owed liquidated damages amounting to the value of any late-paid wages during the six years prior to the filing of this complaint, interest, and reasonable attorneys' fees and costs pursuant to NYLL § 198.

### THIRD CAUSE OF ACTION
### NYLL – Failure to Pay Overtime Wages
### (On behalf of Plaintiff, Opt-In Plaintiffs, and the Rule 23 Class)

106. Plaintiff realleges and incorporates by reference all preceding allegations.

107. At all times relevant, Plaintiff, Opt-In Plaintiffs, and the members of the Rule 23 Class have been employees and Defendant has been an employer within the meaning of the NYLL. Plaintiff, Opt-In Plaintiffs, and the members of the Rule Class are covered by the NYLL.

108. Defendant employed Plaintiff, Opt-In Plaintiffs, and the members of the Rule 23 Class as an employer in New York.

109. Defendant failed to pay Plaintiff, Opt-In Plaintiffs, and the members of the Rule 23 Class all overtime wages for all overtime hours worked at the proper overtime rate of pay to which they are entitled under the NYLL.

110. Defendant has a policy and/or practice of refusing to pay overtime compensation for all overtime hours worked at the correct overtime rate of pay to Plaintiff, Opt-In Plaintiffs, and the Rule 23 Class.

111. Defendant failed to keep, make, preserve, maintain, and furnish accurate records of

time worked by Plaintiff, Opt-In Plaintiffs, and the Rule 23 Class members.

112. Defendants lacked a good faith basis, within the meaning of NYLL § 663, to believe their failure to pay Plaintiff, Opt-In Plaintiffs, and the Rule 23 Class overtime wages complied with the NYLL.

113. Due to Defendant's intentional and willful violations of the NYLL, Plaintiff, Opt-In Plaintiffs, and the members of the Rule 23 Class are entitled to recover from Defendant their unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, pre-judgment and post-judgment interest, and such other relief as provided by law.

**FOURTH CAUSE OF ACTION**
**NYLL Notice and Recordkeeping Claims**
**(On behalf of Plaintiff, Opt-In Plaintiffs, and the Rule 23 Class)**

114. Plaintiff realleges and incorporates by reference all preceding allegations.

115. NYLL § 195(4) requires every employer to establish and maintain, for at least three years, *inter alia*, payroll records showing the hours worked, gross wages, deductions and net wages for each employee.

116. NYLL § 661 requires every employer to maintain, *inter alia*, true and accurate records of hours worked by each employee covered by an hourly minimum wage rate, and the wages paid to all employees.

117. 12 N.Y.C.R.R. § 142-2.6 requires every employer in miscellaneous industries to establish, maintain and preserve for six years weekly payroll records showing, *inter alia*, each employee's name, wage rate, number of hours worked daily and weekly, amount of gross and net wages, deductions from gross wages, and any allowances claimed as part of the minimum wage.

118. NYLL § 195(3) requires that every employer furnish each employee with a statement with every payment listing gross wages, deductions and net wages, and upon request of

an employee, an explanation of the computation of wages.

119. 12 N.Y.C.R.R. § 142-2.7 requires every employer in miscellaneous industries to furnish each employee a statement with every payment of wages, listing hours worked, rates paid, gross and net wages, deductions, and allowances, if any, claimed as part of the minimum wage.

120. Defendant failed to comply with the notice and record keeping requirements of NYLL § 195(3) by failing to include the correct rates of pay and overtime earnings on the wage statements, resulting in penalties under NYLL § 198 for Plaintiff, Opt-In Plaintiffs, and the Rule Class and attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the following relief for him and the FLSA Collective and Rule 23 Class:

A. Leave to give notice to the FLSA Collective that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages and timely payment of wages;

B. Certification of this case as a Class Action under Rule 23;

C. Appointment of Plaintiff as Class Representative;

D. Appointment of Migliaccio & Rathod LLP and Shavitz Law Group, P.A. as Class Counsel;

E. Unpaid overtime wages under the FLSA and NYLL;

F. Liquidated damages under the FLSA and NYLL;

G. Statutory penalties for NYLL violations;

H. Attorney's fees and costs of the action;

I. Pre-judgment interest and post-judgment interest as provided by law;

    J.      A declaratory judgment that the practices complained of are unlawful; and

    K.      Such other injunctive and equitable relief as this Court shall deem just and proper.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38, Plaintiff demands a jury on all issues so triable.

Dated: February 19, 2024

                                            Respectfully submitted,

                                            By: *s/Michael J. Palitz*
                                            Michael J. Palitz
                                            **SHAVITZ LAW GROUP, P.A.**
                                            447 Madison Avenue, 6th Floor
                                            New York, New York 10022
                                            Telephone: (800) 616-4000
                                            Facsimile: (561) 447-8831
                                            mpalitz@shavitzlaw.com

                                            /s/ *Nicholas A. Migliaccio*
                                            Nicholas A. Migliaccio
                                            Jason S. Rathod*
                                            Mark Patronella *
                                            Migliaccio & Rathod LLP
                                            412 H Street N.E., Ste. 302
                                            Washington, DC 20002
                                            Tel: (202) 470-3520
                                            nmigliaccio@classlawdc.com
                                            jrathod@classlawdc.com
                                            mpatronella@classlawdc.com

                                            *\*to apply for admission pro hac vice*

                                            *Attorneys for Plaintiff and the Putative*
                                            *Class and Collective*
                                            *Action*